**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**MISSOULA DIVISION**

_____

ZANE JOHNSON,                                    CV 10-126-M-JCL

          Plaintiff,

   vs.
                                                      ORDER

AMERICAN HONDA MOTOR
COMPANY, INC.,

          Defendant.

_____

     In this products liability action, Plaintiff Zane Johnson ("Johnson") alleges

that while operating a defective all-terrain vehicle ("ATV") designed,

manufactured, and distributed by Defendant American Honda Motor Company,

Inc. ("Honda"), the vehicle careened off the edge of a maintained forest road,

injuring Johnson.

     Presently before the Court are Honda's motions in limine whereby it seeks

to preclude Johnson from presenting testimony or evidence on 28 different topics.

With respect to 10 of the motions – numbers 7, 12-18, 20, and 21 – Johnson presents no objection.[1]  And with respect to two motions – identified as numbers 22 and 23 – Johnson expressly concedes these motions are well taken.[2]  Therefore, these 12 motions are granted.

With respect to 10 motions – identified by numbers 1, 4, 6, 8, 19, 24, and 25-28, – the Court deems it appropriate to withhold ruling pending presentation of oral argument at the April 2, 2012 final pretrial conference.

The merits of the 6 remaining motions in limine are now addressed each in turn.  The Court bears in mind that "[t]o exclude evidence on a motion in limine 'the evidence must be inadmissible on all potential grounds.'" *Wood v. Montana Dept. of Revenue*, 2011 WL 4348301 *2 (D. Mont. Sept. 16, 2011) (quoting *BNSF Railyard v. Quad City Testing Laboratory Inc.*, 2010 WL 4337827 (D. Mont. Oct. 26, 2010).  "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential

---

[1]  Johnson's lack of response to these motions is properly deemed an admission that the motions are well-taken.  Local Rule 7.1(d)(1)(B).

[2]  In regard to Motion 22, the time frame provides for advance notice of witnesses, deposition designations, and videotape depositions is controlled by Local Rules 16.4 and 16.5.

prejudice may be resolved in proper contest." *Id.*

## A.      Johnson's Social Security Disability Determination (Motion No. 2)

On April 19, 2010, an Administrative Law Judge ("ALJ") of the Social

Security Administration entered a written decision ("report") finding that Johnson

suffered from the following severe impairments – "status post cervical spine

fracture at C1 and C6; status post distal radius fracture of the right wrist; major

depressive disorder; post-traumatic stress disorder (PTSD); traumatic brain

injuries; and cognitive disorder" – that entitled him to disability benefits.  Honda

moves in limine to exclude evidence of, or reference to, the ALJ's report on the

principal ground that the decision, and underlying findings, constitute

inadmissible hearsay.  Fed. R. Evid. 801.  Alternatively, Honda argues the written

decision should be excluded under Fed. R. Evi. 403 because its probative value is

substantially outweighed by the unfair prejudice its admission would visit upon

Honda.

A writing, other than one made by a witness during the witness's testimony

in court, is hearsay if it is offered to prove the truth of what is written.  Thus the

ALJ's report would constitute impermissible hearsay unless it falls within one of

the exceptions to the hearsay rule.  Johnson first relies on Fed. R. Evid. 803(4), the

hearsay exception for out-of-court assertions made for the purpose of medical

diagnosis or treatment.  He argues that the ALJ's determination of disability –
characterized by Johnson as a "legal medical diagnosis" – is admissible under
Rule 803(4) because it is based on Johnson's medical records.  Johnson's novel
argument, however, is based on a misunderstanding of Rule 803(4).

Rule 803(4) allows a person to whom an out-of-court assertion describing
medical history, or past or present symptoms or sensations for the purpose of
medical diagnosis or treatment, to testify as to the substance of the assertion. The
exception is based upon the view that "a statement made in the course of procuring
medical services, when the declarant knows that a false statement may cause
misdiagnosis or mistreatment, carries special guarantees of credibility...." *Id.*
*White v. Illinois* 502 U.S. 346, 356 (1992).  But Rule 803(4) does not stand for the
proposition advocated by Johnson that a medical record – let alone a written report
summarizing numerous medical records – can simply be placed into evidence.

Next, Johnson suggests  – without expressly articulating an argument –  that
the ALJ's report would properly be admitted under Rule 803(6), the hearsay
exception for an entry in a business record.  Rule 803(6) overlaps with the public
records exception to hearsay contained in Rule 803(8).  Ordinarily, the
admissibility of a public record is to be determined by the more specific
requirements of Rule 803(8)(A)(i),(ii), and (iii), and not under the broader

exception of Rule 803(6).  See e.g. *U.S. v. Orellana-Blanco*, 294 F.3d 1143, 1149 (9th Cir. 2002).

Rule 803(8) provides that the following is excepted from the hearsay rule:

(8) **Public Records.** A record or statement of a public office if:
    (A) it sets out:
        (i) the office's activities; ...
        (iii) in a civil case ..., factual findings from a legally authorized investigation; and
    (B) neither the source of information nor other circumstances indicate a lack of trustworthiness.

The Ninth Circuit has not specifically addressed the issue of whether a Social Security Administration ALJ's written determination of disability falls within the exception to hearsay stated in Rule 803(A)(iii) – formerly Rule 803(C) – and is thus admissible in a personal injury action.  And there is a paucity of guidance on this specific issue in the decisional law of other federal courts.

Assuming for purposes of discussion that an ALJ's report falls within Rule 803(A)(iii), the Court, in the exercise of its discretion under Rule 403, deems it appropriate to exclude the report because its probative value is substantially outweighed by the risk of unfair prejudice to Honda.[3]

In reaching this conclusion, the Court is guided by the rationale of the Ninth

---

[3] Johnson suggests in passing that he may alleviate any hearsay problem by having the ALJ testify at trial.  While that may be true, the Rule 403 problem remains.

Circuit in *Gilchrist v. Jim Slemons Imports, Inc.*, 803 F.2d 1488, 1500 (9th Cir. 1986).  In *Gilchrist*, the Ninth Circuit held that the district court erroneously admitted into evidence an Equal Employment Opportunity Commission "Letter of Violation" for an age discrimination action which had "a great [] possibility of unfair prejudice." *Id.* The *Gilchrist* court emphasized "[a] jury may find it difficult to evaluate independently the evidence of age discrimination after being informed that the EEOC has already examined the evidence and found a violation."[4]  *Id.* Here, admission of the ALJ's report of disability would result in the substantial possibility of unfair prejudice by making it extremely difficult for the jury to conduct an independent evaluation of relevant  medical evidence bearing upon the nature and extent of Johnson's injuries attributable to the underlying accident.

Johnson next argues that his experts should be allowed to refer to the ALJ's report when they testify as to their analysis of damages.  Johnson maintains that his experts' "reliance on various materials and judicial findings is not hearsay, and

---

[4]  The Ninth Circuit distinguished *Plummer v. Western International Hotels Co.*, 656 F.2d 502 (9th Cir. 1981) which held that the EEOC's probable cause determination is per se admissible in a Title VII lawsuit because its highly probative nature outweighed any prejudicial effect it might have on the jury. 803 F.2d at 1488.  "The difference between the two becomes critical when considering the potential for prejudicial impact on a jury. In a letter of violation the EEOC concludes that a violation of the Act has occurred, whereas in a probable cause statement determination the EEOC determines only that there is probable cause to conclude that a violation of Title VII has occurred." *Gilchrist*, 803 F.2d at 1500.

cannot be excluded as such."  Dkt. 62, at 6.   Again, even if the ALJ's decision is

not hearsay, it is inadmissible because its probative value is substantially

outweighed by the risk of unfair prejudice.   Under Fed. R. Evid. 703, the facts and

date on which an expert has relied in forming an opinion "need not be admissible

for the opinion to be admitted."  If the facts and data "would otherwise be

inadmissible," however, "the proponent of the opinion may disclose them to the

jury only if their probative value in helping the jury evaluate the opinion

substantially outweighs their prejudicial effect."  Johnson's experts may testify as

to their opinions, notwithstanding the fact that the Social Security

Administration's disability determination is inadmissible.  But because the

disability determination is inadmissible and any probative value it might have is

outweighed by the potential for prejudice, Johsnons' experts may not disclose or

refer to the determination when they are testifying.

     Finally, Johnson maintains that ALJ's disability determination should be

given res judicata effect.  As Honda accurately notes, however, for res judicata to

apply the parties to the two proceedings must be the same.  *Stanley L. and Carolyn

M. Watkins Trust v. Lacosta*, 92 P.3d 620, 626 (Mont. 2004).  Because Honda was

not a party to the social security proceedings, the ALJ's determination cannot be

given res judicata effect.  Johnson nonetheless urges the Court to give the ALJ's

decision res judicata effect on the ground that Honda's interests were adequately

represented in the administrative disability proceedings. As Honda accurately

points out, however, its interests in the pending litigation go beyond the question

of whether Johnson is disabled. Of particular importance to Honda is whether

Johnson's is disabled due to his accident, and whether the accident caused a

traumatic brain injury. The Social Security Administration did not have the same

interests. For these reasons, the ALJ's disability determination cannot be given

res judicata effect and Honda's motion in limine is properly granted.

**B.     Reference to *Ridley* Demands or Payments (Motion No. 3)**

Under Mont. Code Ann. § 33-18-201(6) and (13), of the Montana Unfair

Trade Practices Act, an insurer or a self-insured has an obligation to pay certain

expenses as incurred by a third-party tort victim when the liability of its insured is

reasonably clear. *Ridley v. Guaranty National Insurance Company*, 951 P.2d 987,

991-95 (Mont. 1987). Liability may be imposed under the Act for an insurer that

breaches this obligation. Mont. Code Ann. § 33-18-242(1). However, a third-

party claimant is prohibited from filing an action under § 33-18-242 until "after

the underlying claim has been settled or a judgment entered in favor of the

claimant on the underlying claim." Mont. Code Ann. § 33-18-242(6)(b).

Honda moves in limine to preclude Johnson from referencing or presenting

evidence pertaining to demands made by Johnson upon Honda to make advance

payment of medical bills or other damages allegedly incurred by Johnson as a

result of the underlying accident, or Honda's responses to those demands.  It

argues, inter alia, that evidence regarding *Ridley* demands or payments is

irrelevant to the issues presented for resolution in this product liability action.

   The Court agrees that evidence pertaining to any *Ridley* demands is totally

irrelevant to the issues presented for disposition in this case.  Johnson offers no

principled argument to the contrary.  Consequently, this motion is properly

granted.

**C.     Expert Medical Opinions (Motion No. 5)**

   By way of this so-called motion in limine, Honda seeks to have the Court

confirm the standard of admissibility that will be applied to any proposed expert

medical testimony.  Montana law provides the substantive standard governing

causation in a personal injury action where jurisdiction is founded upon diversity

of citizenship.  See *Kennedy v. Collagen Corp.,* 161 F.3d 1226, 1230 (9th Cir.

1998).  Under Montana law, "expert testimony is required when the issue

presented is sufficiently beyond the common experience of the trier of fact and

expert testimony will assist the trier of fact in determining the issue or

understanding the evidence."  *Hinkle v. Shepherd School Dist. No. 37*, 93 P.3d

1239, 1246 (Mont. 2004) (citation omitted).  And "[a] medical expert's opinion is

admissible if it is based on an opinion that it is 'more likely than not' that the

alleged wrongdoing caused the plaintiff's injury." *Id.* (quoting *Butler v. Domin*, 15

P.3d 1189 (Mont. 2000)).

The issue of whether any particular expert medical opinion should be excluded because it does not meet the referenced standard is best made in the context of trial.  Therefore, this motion is denied as premature.

**D.     Law Firms (Motion Nos. 9 & 10)**

Honda seeks to preclude Johnson from referencing the fact that one of the law firms representing it – Bowman & Brooke LLP – is located in Phoenix, Arizona because it is irrelevant and unfairly prejudicial.  The motion is properly granted to the extent that Johnson will not be allowed to argue that the residence of the law firm should be taken into consideration in determining the issues presented for resolution.  At the same time, the Court will make inquiry during voir dire whether any prospective juror knows of, or is familiar with the law firm of Bowman & Brooke LLP, which is located in Phoenix, Arizona.  The notion that this simple inquiry would prove unfairly prejudicial to Honda is pure speculation.

Honda also moves to preclude Johnson from referencing the fact that the two law firms which are representing it in this action frequently appear for defendants in products liability litigation.  The Court agrees that any reference to this fact at any point in trial is irrelevant and otherwise properly excluded under Fed. R. Evid. 403.  Accordingly, this motion is granted.

**E.     Motions in Limine Practice (Motion No. 11)**

Honda seeks to preclude Johnson from referencing any of the motions in limine filed by Honda.  Because Johnson does not object to the motion as limited to motions in limine, this motion is granted.

DATED this 28th day of March, 2012.

 /s/ Jeremiah C. Lynch                        
Jeremiah C. Lynch
United States Magistrate Judge