IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ZANE JOHNSON,<br><br>                Plaintiff,<br><br>   vs.<br><br>AMERICAN HONDA MOTOR<br>COMPANY, INC.,<br><br>                Defendant. | CV 10-126-M-JCL<br><br><br>ORDER |

On March 11, 2013, the Clerk of Court filed a memorandum taxing costs in the amount of $71,732.05 in favor of the Defendant, American Honda Motor Company, Inc. ("Honda"), and against the Plaintiff, Zane Johnson ("Johnson"). Johnson timely filed a motion requesting the Court to review the Clerk's decision in accordance with Federal Rule of Civil Procedure 54(d)(1) and Local Rule 54.1(a)(6). Honda opposes Johnson's motion and asks the Court to uphold the Clerk's taxation of costs in its entirety.

-1-

Johnson principally argues that even though he was the non-prevailing party in this action, he should be absolved from liability for Honda's costs because he is indigent.  In support of his assertion of indigency, Johnson states that he has been unable to maintain employment based upon injuries sustained in the underlying all-terrain vehicle crash of July 4, 2007, that his only source of income is social security disability benefits, and that he does not possess the resources to pay the costs taxed against him.

Honda responds that indigency, by itself, is not a sufficient basis to deny a prevailing party its costs.  According to Honda, indigency is but one factor to be considered in determining whether costs should be denied to the prevailing party. Honda elaborates that the extraordinary circumstances necessary to overcome the Fed. R. Civ. P. 54(d) presumption in favor of costs to the prevailing party have only been found in those cases where the indigent plaintiff has unsuccessfully prosecuted a case involving issues of national importance – more specifically, civil rights cases such as *Stanley v. Univ. of Southern California*, 178 F.3d 1069 (9th Cir. 1999) and *Association of Mexican-American Educators v. State of California*, 231 F.3d 572 (9th Cir. 2000) (*AMAE*) (en banc).  But Honda's reading of these cases is too cramped.

The Ninth Circuit has recognized that proper grounds for denying costs

include: (1) a losing party's limited financial resources; (2) misconduct by the prevailing party; (3) the chilling effect of imposing high costs on future civil rights litigants; (4) whether the issues in the case were close and difficult; (5) whether the prevailing party's recovery was nominal or partial; (6) whether the losing party litigated in good faith; and (7) whether the case presented a landmark issue of national importance. *Quan v. Computer Sciences Corp.*, 623 F.3d 870, 888-89 (9th Cir. 2010)(*citing Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003). *See also AMAE*, 231 F.3d at 592 (citing similar factors). The Ninth Circuit, however, has never attempted to create an exhaustive list of "good reasons" for declining to award costs. *AMAE*, 231 F.3d at 593. Of course, where a court deviates from the presumption in favor of costs embodied in Rule 54(d), it must set forth its reasons for denying costs. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003).

The Ninth Circuit has never expressly addressed the role that financial disparity between parties may play in refusing to award costs to a prevailing party. But financial disparity was one of the reasons cited by the district court in *AMAE* for denying costs to the prevailing defendant, and the Ninth Circuit found that "the reasons that the district court gave for refusing to award costs in this case were appropriate under Rule 54(d)(1) ..." *AMAE*, 231 F.3d at 593. It would appear to

this Court, that while financial disparity standing alone would not be sufficient to warrant a denial of costs to a prevailing party, it may properly be considered in conjunction with a showing of indigency by a non-prevailing party.

As a threshold matter, a non-prevailing party seeking to avoid costs bears the burden of showing that he is incapable of paying the prevailing party's costs, not only at the present, but into the future. *See Rivera v. City of Chicago*, 469 F.3d 631, 635 (7th Cir. 2006). To sustain that burden, the non-prevailing party must present sufficient evidence about both income/assets and expenses that makes clear he is indeed indigent. *Rivera*, 469 F.3d at 635.

Johnson's affidavit – as well as other materials in the record – establish that Johnson has not been employed since July 4, 2007, and that his sole source of income at the present time is disability benefits from the Social Security Administration. But to establish that he is truly indigent, Johnson must present a more detailed picture of his financial circumstances, including the monthly amount of his disability benefits, expenses, and any assets he may have.

Consequently, before the Court can make an informed decision as to whether Johnson is truly indigent, he will be required to file a supplemental affidavit, and where appropriate, supporting documentation that answers the following questions:

(1)     In the past twelve months have you received money from any source, other than the Social Security Administration including:

       (a)     business, profession, or other self-employment;
       (b)     rent payments, interest, or dividends;
       (c)     pensions or annuities;
       (d)     family or friends;
       (e)     gifts or inheritances.

If the answer to the above is yes, describe each source of money, state the amount received, the frequency with which you receive it, and what you expect you will continue to receive.

(2)     Do you have any cash or checking or saving accounts?  If yes, state the total value of all three.

(3)     Do you own any automobiles, real estate, stocks, bonds, securities, trust, jewelry, artwork, other financial instruments, or things of value, including any item of value held in someone else's name?  If yes, describe the property and state its approximate value.

(4)     What is the monthly amount that you receive in disability benefits from the Social Security Administration?

(5)     What is the amount of any housing, transportation, utilities, loan payments, or other regular monthly expenses you may have?

(6)     What is the total amount of any debts or financial obligations you have and to whom are they payable?

In addition, Johnson shall serve and file under seal his income tax returns for the calendar years 2010, 2011, and 2012.  Johnson shall file his supplemental affidavit and income tax returns on or before April 23, 2013.  Upon review of the additional materials to be submitted by Johnson, the Court will proceed to

-5-

determine whether he should be relieved of having to pay all or part of the costs as taxed by the Clerk.

IT IS SO ORDERED.

DATED this 10th day of April, 2013

Jeremiah C. Lynch
United States Magistrate Judge